**IN THE COURT OF APPEALS OF IOWA**

No. 22-0157
Filed March 30, 2022

**IN THE INTEREST OF A.G.,**
**Minor Child,**

**T.S., Mother,**
     Appellant.
_____

     Appeal from the Iowa District Court for Union County, Monty Franklin,
District Associate Judge.


     The mother appeals the termination of her parental rights.  **AFFIRMED.**


     Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellant
mother.

     Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant
Attorney General, for appellee State.

     Marc Elcock of Elcock Law Firm, Osceola, attorney and guardian ad litem
for minor child.


     Considered by Bower, C.J., Vaitheswaran, J., and Potterfield, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**POTTERFIELD, Senior Judge.**

The mother of A.G., born in 2019, appeals the termination of her parental rights. The juvenile court terminated the mother's rights pursuant to Iowa Code section 232.116(1)(b), (d), (e), (h), and (*l*) (2021). The mother purports to challenge each of the statutory grounds for termination and argues the loss of her parental rights is not in the child's best interests.

We review termination proceedings de novo. *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021). Termination of parental rights under chapter 232 follows a three-step process. *See id.* But on appeal, we review only the issues raised and briefed by the parent challenging the termination. *In re A.H.*, No. 21-1189, 2022 WL 246258, at *1 (Iowa Ct. App. Jan. 27, 2022); *see also Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("We exercise our de novo review only with respect to issues raised and preserved at trial. Similarly, our review is confined to those propositions relied upon by the appellant for reversal on appeal." (internal citation omitted)).

We may affirm on any statutory ground we find supported by clear and convincing evidence. *See In re M.W.*, 876 N.W.2d 212, 222 (Iowa 2016). We choose to consider paragraph (h), which allows the court to terminate when clear and convincing evidence establishes:

(1) The child is three years of age or younger.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h). The mother concedes the first three elements were proved, but she claims to challenge the fourth element—whether the child could be returned to her care as of the November 4, 2021 termination trial. *See W.T.*, 967 N.W.2d at 322 (interpreting section 232.116(1)(h)(4) as requiring a finding of "whether [the child] could have been placed in [the parent's] custody at the time of the hearing"). We easily conclude the mother's challenge is without merit. First, even on appeal, she does not contend the child could have been immediately returned to her care. And second, the mother cannot realistically make such an assertion, as she was in jail without bond at the time of the termination trial. Clear and convincing evidence supports termination under section 232.116(1)(h).

Next, the mother argues termination of her parental rights is not in the child's best interests. *See* Iowa Code § 232.116(2). In deciding what is in the child's best interests, "the court is required to use the best-interest framework established in section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). Section 232.116(2) mandates that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." And the defining elements are the child's "safety and [their] need for a permanent home." *In re A.H.*, 950 N.W.2d 27, 39 (Iowa Ct. App. 2020) (alteration in original) (quoting *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially)).

The child was removed from the mother's care in July 2020 upon reports of substance abuse and mental-health concerns. After December 2020, the mother discontinued participating in all services other than visits with the child, and she

ceased attending those in June 2021. At the time of the November 2021 termination trial, the mother was in county jail awaiting a hearing on a probation violation and possible revocation. Additionally, the mother had outstanding warrants in another county, and the worker from the Iowa Department of Human Services (DHS) testified the mother would be transferred to the second county once she resolved her current legal issues. The mother is not now in a position to provide A.G. a safe, stable home, and nothing in the record before us suggests that will change in the near future. Even if she were to be released from custody soon, the mother—who admitted using methamphetamine during these proceedings—has not made progress regarding her substance abuse.[1] Meanwhile, the child is in the care of a maternal relative, and the father may take over her full-time care.[2] *See* Iowa Code § 232.116(2)(b)(1). Termination of the mother's rights is in A.G.'s best interests.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**

---

[1] In passing, the mother argues the juvenile court should have granted her additional time to work toward reunification. For these same reasons, we conclude it is unlikely the mother could resume parenting A.G. within six months, so additional time is not warranted. *See* Iowa Code § 232.104(2)(b) (allowing for an extension when the court determines "that the need for removal will no longer exist at the end of the additional six-month period").

[2] The father was not identified until April 2021—several months after the child was removed from the mother's care. The father's rights were not terminated as part of these proceedings and, at the time of the mother's termination trial, he was still involved with DHS and reunification services.